THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 2:20-cv-405

AMELIA NAVARRO,

    Plaintiffs,

vs.

SOUTHWEST DISPOSAL AND CLEAN-UP, INC., and
SOUTHWEST DISPOSAL TRANSFER STATION, INC.,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, Amelia Navarro ("Plaintiff"), brings this action against Defendants, Southwest Disposal And Clean-Up, Inc. and Southwest Disposal Transfer Station, Inc. ("Southwest"), for discrimination pursuant to Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992 ("FCRA"), and alleges as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over these Federal claims and State statutory and common law causes of action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is appropriate in the United States District Court in and for the Middle District of Florida.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

6. A notification of Right to Sue was received and this Complaint has been filed within ninety (90) days of receipt thereof.

## PARTIES

7. Plaintiff is a citizen and resident of Lee County, Florida.

8. Southwest is a Florida corporation that conducts business in Lee County, Florida, and is an entity subject to suit under Title VII of the Civil Rights Act of 1964 and the FCRA.

9. Southwest is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

10. Plaintiff was hired by Southwest in or about February 2019 to perform housekeeping and clearing services for Southwest.

11. Throughout her employment with Southwest, Plaintiff was a diligent and responsible employee and performed her duties at or above that required by Southwest.

12. On or about May 7, 2019, while watering plants in Southwest's yard, Plaintiff was approached by another Southwest employee, J.C. Drye. For no valid reason, Mr. Drye began yelling at Plaintiff, and when Plaintiff turned her back to Mr. Drye and was bending down, Mr. Drye came up behind Plaintiff, slapped her on her rear and refused to release his grip.

13. It was only after Plaintiff pleaded with Mr. Drye to let her go and physically struggled to flee was Plaintiff able to get away.

14. Upon freeing herself, Plaintiff ran to her car for safety.

15. At the same time, Southwest manager, Gino (LNU), witnessed Plaintiff crying in her car; and Ms. Navarro went on to explain to Gino the manner in which she was attacked by Mr. Drye.

16. Gino then advised the president of Southwest, William Veloz about the attack. After speaking with Plaintiff, Mr. Veloz acknowledged Mr. Drye's wrongdoing and stated that he would immediately terminate Mr. Drye's employment.

17. While it is Plaintiff's belief that Mr. Drye was suspended, Mr. Drye was permitted return to work a short time later, only to continue to harass and threaten Plaintiff.

18. Because she was afraid for her health and safety, having been admitted to a local hospital as a result of Mr. Drye's attack, Plaintiff followed the advice of her hospital physician and filed a police report against Mr. Drye.

19. After Plaintiff informed Mr. Veloz that she contacted the police and let him know that she refused to work in the same location as Mr. Drye, Mr. Veloz summarily terminated Plaintiff's employment without cause.

20. Plaintiff was harassed, humiliated, and ultimately terminated simply because she complained about Mr. Drye's actions and refused to work with him.

21. Southwest did not treat its male employees in the same discriminatory manner as it treated the Plaintiff.

22. Plaintiff has engaged the services of legal counsel and is obligated to pay legal counsel their fees incurred in the prosecution of this action.

**COUNT I DISCRIMINATION BASED ON GENDER AND SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

23. Plaintiff repeats and realleges the allegations made in paragraph 1 through 22 above.

24. The foregoing facts and circumstances demonstrate that Southwest, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff with respect to the conditions of her employment because of her sex.

25. Southwest and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act of 1964, as amended. Nevertheless, Southwest and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

26. As a direct and proximate result of the actions of Southwest and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

27. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT II DISCRIMINATION BASED ON GENDER AND SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

28. Plaintiff repeats and realleges his allegations made in paragraph 1 through 22 above.

29. The foregoing facts and circumstances demonstrate that Southwest and its agents have violated the Florida Civil Rights Act of 1992 by discriminating against Plaintiff with respect to the "conditions" of her employment because of her sex.

30. Southwest and its agents knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992. Nevertheless, Southwest and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

31. As a direct and proximate result of the actions of Southwest and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT III RETALIATION FOR OPPOSITION TO GENDER DISCRIMINATION & SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

32. Plaintiff repeats and realleges the allegations made in paragraph 1 through 22 above.

33. Plaintiff engaged in protected activity under Title VII when she, 1) reported Mr. Drye's sexual harassment of her to the police; and 2) when she stated to Mr. Veloz that she refused to work in the same location as Mr. Drye.

34. Southwest retaliated against Plaintiff because of her protected activity by terminating her employment without a legitimate reason.

35. Southwest's actions were motivated because of Plaintiff's protected activity.

36. As a result of Southwest's retaliation and violation of Title VII, Plaintiff is entitled to damages and equitable relief.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT IV RETALIATION FOR OPPOSITION TO GENDER DISCRIMINATION & SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

37. Plaintiff repeats and realleges the allegations made in paragraph 1 through 22 above.

38. Plaintiff engaged in protected activity under the FCRA when she, 1) reported Mr. Drye's sexual harassment of her to the police; and 2) when she stated to Mr. Veloz that she refused to work in the same location as Mr. Drye.

39. Southwest retaliated against Plaintiff because of her protected activity by terminating her employment without a legitimate reason.

40. Southwest's actions were motivated because of Plaintiff's protected activity.

41. As a result of Southwest's retaliation and violation of the FCRA, Plaintiff is entitled to damages and equitable relief.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**JURY DEMAND**

42. Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 8, 2020                                    Respectfully submitted,

                                                            s/Jonathan S. Minick  
                                                            Jonathan S. Minick, Esq.  
                                                            FBN:  88743  
                                                            E-mail:  jminick@jsmlawpa.com  
                                                            Jonathan S. Minick, P.A.  
                                                            169 E. Flagler St., Suite 1600  
                                                            Miami, Florida 33131  
                                                           Phone: (786) 441-8909  
                                                           Facsimile: (786) 523-0610  
                                                           Counsel for Plaintiff